**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **LONE STAR SAND, LLC** *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 5:25-cv-1563** |
| **v.** | § | |
| **WILDCATTER MATERIAL SOLUTIONS, LLC, CHAD MIKULEC, TRAVIS HEMKER, and JOSH DECKER** *Defendants.* | § | **BEFORE THE HONORABLE JUDGE __________________** |

**NOTICE OF REMOVAL**

Defendant Chad Mikulec ("Mr. Mikulec") files this *Notice of Removal* pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332, and, in support thereof, states as follows:

**BACKGROUND**

1. On January 21, 2025, Lone Star Sand, LLC ("Lonestar")—a Louisiana Limited Liability Company—filed its Petition for Breach of Contract and Damages against Wildcatter Material Solutions, LLC ("Wildcatter"), and initiated that certain action styled: *Lone Star Sand, LLC v. Wildcatter Material Solutions, LLC*, Case No. 654955, First Judicial Court Caddo Parish (the "State Court Action"). The State Court Action arises out of a construction dispute.

2. Wildcatter's registered agent was served in the State Court Action on or around January 29, 2025. Wildcatter filed its Original Answer, Affirmative Defenses, and Reconventional Demand on June 17, 2025.[1]

3. On August 28, 2025, Wildcatter filed a Motion for Leave of Court to file an Amended, Supplemental, and Restated Petition for Breach of Contract, Nullity of Contract,

[1] Due to a technical error with Wildcatter's registered agent, Wildcatter was not informed or aware that it was served for several months.

Personal Liability and Damages (the "Amended Petition"). With the Amended Petition, Lonestar sought to add three alleged members of Wildcatter as co-defendants alongside Wildcatter in their individual capacity. One of those three members Lonestar sought to add as a co-defendant was Mr. Mikulec.

4. As made clear on the face of the Amended Petition, all of the Defendants reside outside of the state of Louisiana:

> 1.
>
> Made Defendants are:
>
> 1. WILDCATTER MATERIAL SOLUTIONS, LLC, (hereinafter "Wildcatter") a Texas limited liability company not licensed to do business in Louisiana whose address is 1706 Golf Links Avenue, Cameron, Texas 76520 who may be served through its registered Agent for Service of Process, Registered Agents, Inc., 201 Rue Beauregard, Suite 202, Lafayette, Louisiana 70508;
>
> 2. CHAD MIKULEC, a member of Wildcatter, whose address is 1706 Golf Links Avenue, Cameron, Texas 76520;
>
> 3. TRAVIS HEMKER, a member of Wildcatter, whose address is 1356 Summit Drive, Winona, MN 55987; and
>
> 4. JOSH DECKER, a member of Wildcatter, whose address is 2138 2½ Street, Comstock, WI 54826.

5. An order granting Lonestar's Motion for Leave to File the Amended Petition was granted on September 2, 2025, and the docket reflects that the Amended Petition was filed on September 4, 2025.

6. Mr. Mikulec never personally received service and does not live at 1706 Golf Links Avenue, Cameron, Texas 76520 but, according to certified tracking information located on the envelope, the citation and Amended Petition were delivered to the aforementioned address on September 19, 2025.

7. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the State Court Action and served upon Mr. Mikulec are attached hereto and contained within **Exhibit A**.

## TIMELINESS OF REMOVAL

8. The State Court Action was filed on January 21, 2025, and Mr. Mikulec was served in this action (at the earliest) on September 19, 2025.

9. Therefore, this notice is timely pursuant to 28 U.S.C. § 1446(b)(2)(B) and (c)(1) because (i) it has not been a year since the commencement of the State Court Action and (ii) less than 30 days have passed since Mr. Mikulec was served.

## VENUE

10. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because it embraces Caddo Parish, Louisiana.

## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

11. Removal is proper pursuant to 28 U.S.C. § 1332 because this matter is between citizens of different states and the amount in controversy exceeds the sum of $75,000.

12. Plaintiff is a Louisiana limited liability company and, upon information and belief formed from review of available public records, all of its members are residents of Louisiana.

13. Defendant Mr. Mikulec is a citizen of Texas and resides in Milam County, Texas.

14. Mr. Mikulec is also the managing member of Wildcatter and in such position, has knowledge of the members which make up Wildcatter and where they reside.

15. Defendant Wildcatter is a Texas limited liability company with its principal place of business in Texas. None of its members are citizens of, or reside in, Louisiana.

16. Defendant Travis Hemker is alleged by Plaintiff to be a resident of Minnesota.[2]

17. Defendant Josh Decker is alleged by Plaintiff to be a resident of Wisconsin.

18. Defendant Wildcatter has consented to the removal of this action, including the removal of its reconventional demand (counterclaims) against Lonestar.

19. Mr. Mikulec has spoken with Defendants Josh Decker and Travis Hemker and has been informed by them that they have not yet been properly served and that regardless, they consent to Mr. Mikulec's removal of the State Court Action to federal court.

20. Because Plaintiff is a citizen of the state of Louisiana and the properly joined and served Defendants—Wildcatter and Mr. Mikulec—are residents of the state of Texas, complete diversity exists.

21. To determine the amount in controversy, Mr. Mikulec need only include a plausible allegation that Plaintiffs' claims exceed $75,000 in the aggregate. 28 U.S.C. § 1332. In the Amended Petition, Plaintiff claims that "faulty workmanship to the silos" will cause plaintiff to "incur additional expenses to replace and rebuild the silos at a cost of approximately Four Hundred Thousand Dollars ($400,000.00)[.]" Amended Petition, ¶ 12. In addition to this, Plaintiff further seeks as damages the return of $3,500,000.00 paid to Wildcatter pursuant to the parties contract. As such, the amount in controversy clearly exceeds $75,000.00.

[2] Although Defendant Travis Hemker is alleged to be a member of Wildcatter by Lonestar he is not, nor has he ever been, a member of Wildcatter.

22. Therefore, because (i) there is complete diversity of citizenship between Plaintiffs and Defendants and (ii) the amount in controversy is greater than $75,000, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper.

**PRAYER**

Defendant Chad Mikulec requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the First Judicial District Court of Caddo Parish, Louisiana to the United States District Court for the Western District of Louisiana, Shreveport Division.

Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ Timothy R. Cook*
Timothy R. Cook
Attorney-in-Charge
Louisiana Bar No. 41056
tcook@bradley.com
600 Travis Street, Suite 5600
Houston, Texas 77002
Telephone: (713) 576-0300
Facsimile: (713) 576-0301

*Additional counsel of record pending admission pro hac vice*
Justin T. Scott
jscott@bradley.com
600 Travis Street, Suite 5600
Houston, Texas 77002
Telephone: (713) 576-0300
Facsimile: (713) 576-0301

**ATTORNEYS FOR WILDCATTER MATERIAL SOLUTIONS, LLC AND CHAD MIKULEC**

**CERTIFICATE OF SERVICE**

I certify that on October 17, 2025, a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record for the Plaintiffs pursuant to the Federal Rules of Civil Procedure.

*/s/ Timothy R. Cook*
Timothy R. Cook