# Exhibit A-5

## 07/09/2025
## Lone Star Sand, LLC's Answer to Reconventional Demand and Defenses

0702025CAN00000147

STATE OF LOUISIANA * PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

LONE STAR SAND, LLC FILED:______________

VS. NO. 654955 DIVISION A; SECTION A

WILDCATTER MATERIAL SOLUTIONS, LLC

______________
DEPUTY CLERK OF COURT

## ANSWER TO RECONVENTIONAL DEMAND AND DEFENSES

NOW INTO COURT, through their undersigned counsel, comes Plaintiff, LONE STAR SAND, LLC, (hereinafter simply "Lonestar") who, for answer to the reconventional demand of WILDCATTER MATERIAL SOLUTIONS, LLC, (hereinafter simply "Wildcatter"), denies each and every allegation therein, except as specifically admitted herein, and respectfully shows:

1.

The allegations of paragraph 1 are denied as stated. It is admitted that the contract was entered into on the date stated, but the terms and provisions of the contract are the best evidence of its contents, and all efforts to vary or contradict them are denied, such terms and conditions being specifically adopted here as fully as if copied in their entirety. Specifically, the characterization of the contract as "for equipment and materials to be provided" is incomplete and misleading as it was a contract for the construction of the entire contract project, including foundations and other construction work which was the responsibility of Wildcatter.

2.

The allegations of paragraph 2 do show a screenshot of a portion of the contract, but the terms and provisions of the contract are the best evidence of its contents, and all efforts to vary or contradict them are denied, such terms and conditions being specifically adopted here as fully as if copied in their entirety.

3.

The allegations of paragraph 3 are denied as stated. While the payment terms are as admitted in 2 above, every construction contract in the State of Louisiana (as with most states) has an inherent and implied requirement that the work be done in a good and workmanlike manner. In addition, all scheduled payments were coordinated and paid in accordance with the verbal

Hudson potts
PGS 1 EXH ___ MIN ✓
CC ___ CP 1 MAIL ___ N/ ___ $200
INDEX ___ REC ___ FAX ___
W/D DOC ___ CERT MAIL ___
SERVICE ___

Caddo Parish
Filed Jul 08, 2025 3:30 PM
Bailey Barr
Deputy Clerk of Court
E-File Received Jul 08, 2025 3:27 PM
654955 A

agreements of the parties as work progressed, and as admitted by Wildcatter, it had received payments totaling $3,500,000 by August 2, 2024, as verbally agreed between the parties. Except as thus admitted, the allegations of paragraph 3 are denied.

4.

Pursuant to the provisions of the contract, Plaintiff paid to Defendant Three Million Five Hundred Thousand Dollars ($3,500,000.00), leaving a balance on the payment of Milestone 2 under the contract of One Hundred Ninety Thousand ($190,000.00). All insignificant delays in payments were agreed to and accepted by Wildcatter as indicated by its retention of the money. Except as thus admitted, the allegations of paragraph 4 are denied as stated.

5.

It is admitted that by July 16, 2024, Milestone 1 had been paid in full in accordance with the conversations between the party representatives. It is also admitted that $3,500,000 had been paid by Lonestar and accepted by Wildcatter by August 2, 2024. There were sufficient payments for Wildcatter to have purchased the burner. Except as thus admitted, the allegations of paragraph 5 are denied. Further, Defendant was nowhere to be found during this period of the construction of these portions of the contract and made no efforts to resolve the delays as required in Section 12 of the contract, including, but not limited to, "coordinating efforts with supplier to cure the delay, communicating to Buyer (Plaintiff) the nature of any responsive actions of supplier and anticipated timeframes for curing the delay, and/or seeking a new supplier."

6.

The allegations of paragraph 6 are denied.

7.

By August 2, 2024, Lonestar had paid $3,500,000 to Wildcatter in accordance with the verbal agreements between the party representatives, yet no action was taken by Wildcatter to construct the foundation for the dryer. Except as thus admitted, the allegations of paragraph 7 are denied.

07092025SCAN00000148

8.

The allegations of paragraph 8 are denied. In fact, due to the faulty and defective construction of the only silo near completion, it partially collapsed during a storm, when, if good workmanship had been used, this would not have occurred.

9.

The allegations of paragraph 9 are denied as stated. While Lonestar did want an extra scale for the dry sand facility that Wildcatter was to build, Lonestar requested the scale based upon the representation of Wildcatter representative, Josh Decker, that the cost would be $100,000. Lonestar never agreed to pay $150,000 for the scale. Wildcatter left the scale at the premises when they abandoned the project, but it finally went to the premises and got the scale it left there. Lonestar has never denied that they requested the scale based upon the cost assurance of $100,000 by Wildcatter. In fact, a change order to add a scale to the project for $100,000.00 was supposed to be issued by Wildcatter, but instead, without approval or written change order, it had a scale delivered to the site and unilaterally issued a change order for approval that had a price of $150,000.00. Lonestar never signed the charge order because it was not adjusted to reflect the agreed price of $100,000.00 or include the concrete foundation.

10.

It is admitted that the invoice was sent but contested by Lonestar. Lonestar has no "other facility." Except as thus admitted, the allegations of paragraph 10 are denied.

11.

Admitted.

12.

While it is admitted that the invoice was sent, no change order was ever approved or agreed to with regard to the scale because Wildcatter changed the cost of the scale without approval. Except as thus admitted, the allegations of paragraph 12 are denied.

13.

Admitted.

14.

Admitted.

070920255CAM00000150

15.

Admitted.

16.

Denied.

17.

Denied as stated. As soon as Wildcatter came to get the scale, it took it from Lonestar's site as requested.

18.

Admitted with the verbal payment modifications mentioned above and accepted by Wildcatter. Except as thus admitted, the allegations of paragraph 18 are denied.

19.

Denied.

20.

The allegations of paragraph 20 are conclusions of fact and law requiring no answer, but they are denied.

21.

The allegations of paragraph 21 are conclusions of fact and law requiring no answer, but they are denied.

22.

The allegations of paragraph 22 are conclusions of law requiring no answer, but they are denied as stated as they do not completely reflect the law.

23.

The allegations of paragraph 22 contain conclusions of fact requiring no answer, but they are denied as stated.

24.

Denied.

25.

Denied.

26.

Denied.

27.

Lonestar adopts all allegations contained in its Petition as fully as if copied here.

**DEFENSES**

A.

Upon information and belief based upon a search of the database of the Louisiana State Licensing Board for Contractors, Wildcatter did not have a valid Louisiana contractor license before contracting and attempting to build the project required by the contract between the parties. If this is confirmed through discovery, Lonestar pleads absolute nullity of the contract based upon fraud, misrepresentation, and failure to have the required license to contract in the State of Louisiana as has been held by the jurisprudence and statutory law of the State.

B.

Lonestar pleads the provisions of LSA R. S. Title 37.

C.

Lonestar pleads set off for any damages claimed by Wildcatter.

D.

The demands of Wildcatter for attorney fees are frivolous and without legal support.

WHEREFORE, Plaintiff and Defendant in Reconvention, LONE STAR SAND, LLC, prays that this Answer be filed, and that after due proceedings, there be judgment herein in Plaintiff's favor for such amounts as are reasonable in the premises with legal interest thereon from the date of judicial demand until paid and that the Reconventional Demand be denied and rejected in its entirety and dismissed with prejudice and for all costs of these proceedings.

07092025CAM0000157

Respectfully submitted,

HUDSON, POTTS & BERNSTEIN, LLP
1800 Hudson Lane, Suite 300
Monroe, Louisiana 71201
T: 318-388-4400 / F: 318-322-4194
E: rbaldwin@hpblaw.com

**ROBERT M. BALDWIN (#01224)**
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I, Robert M. Baldwin, do hereby certify that a copy of the above and foregoing was delivered, **via U.S. Mail and/or Electronic Mail**, to the following:

Timothy R. Cook
JP Morgan Chase Towerr
600 Travis Street, Suite 5600
Houston, TX 77002
E: tcook@bradley.com

This 8th day of July, 2025.

**ROBERT M. BALDWIN**